## 67836. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. SMITH.

McMURRAY, Chief Judge.

On September 29, 1980, plaintiff William E. Smith applied for "no-fault" automobile insurance with defendant Georgia Farm Bureau Mutual Insurance Company (Georgia Farm Bureau). Pursuant to the application, Georgia Farm Bureau issued to Smith an automobile liability policy, the effective date of which was October 19, 1980. Thereafter, on July 7, 1981, Smith's wife, Helen Marie Smith, was killed in an automobile accident covered by the subject policy. Georgia Farm Bureau paid Mr. Smith $10,000 personal injury protection (PIP) benefits ($5,000 basic and $5,000 optional no-fault benefits) under the policy.

Subsequently, on November 19, 1981, and October 28, 1982, Smith, through his attorney, requested payment of $40,000 additional PIP benefits from Georgia Farm Bureau and tendered an additional premium to Georgia Farm Bureau to obtain the increased coverage. Proof of loss had been previously submitted. However, Georgia Farm Bureau denied the claim, and Smith subsequently commenced this action seeking the additional PIP benefits, and penalties and attorney fees based on Georgia Farm Bureau's bad faith refusal to pay the claim.

Following a hearing on plaintiff's motion for partial summary judgment, the trial court held that the insurance policy issued to Smith provided for $50,000 PIP benefits from its inception because the application form did not contain the requisite signature spaces for the applicant to accept or reject optional coverage as required by OCGA § 33-34-5 (a), (b) (formerly Code Ann. § 56-3404b (a), (b)). From this ruling, defendant appeals. *Held*:

The policy application in this case is in one page. This page is signed by the plaintiff at the bottom. The plaintiff's signature also appears inside a self-enclosed space located approximately in the middle of the page. The directions at the top of the self-enclosed space provide: "Indicate Coverages & Limits Desired by Placing Check ($\sqrt{}$) in Front of Item. Do not use 'x.'" Then listed below, in abbreviated form and beside various letters of the alphabet, are 10 various optional coverages available, including personal injury protection and vehicle damage protection. Beside letter (H) is the abbreviation for personal injury protection (i.e., PIP). Then listed horizontally from 1 through 4 are the PIP coverages available: $5,000, $10,000, $25,000 and $50,000. In front of each of these coverages is a block for the applicant to indicate (by check) the coverage desired. In box 2, the block in front of $10,000 PIP coverage has been checked ostensibly by the plaintiff; the three blocks provided for the other PIP cover-

ages (i.e., $5,000, $25,000 and $50,000), however, remain empty. Immediately below the 10 optional coverages listed, in a separate box inside the self-enclosed space, is a reminder which reads: "IMPORTANT: Read carefully before signing." The following acknowledgment then appears: "I HEREBY ACKNOWLEDGE THAT I HAVE ACCEPTED THE COVERAGES AND/OR LIMITS THAT HAVE A CHECK (√) PLACED IN FRONT OF ABOVE ITEMS AND THE ABSENCE OF A CHECK (√) INDICATES MY REJECTION OF THAT COVERAGE AND/OR LIMIT." The signature of the applicant, "William E. Smith," appears directly below this acknowledgment.

In the recent Supreme Court case of *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 97, 100 (317 SE2d 185), that court held an application form identical to the one in the case sub judice described above "was not in substantial compliance with OCGA § 33-34-5 (b)." Consequently, the case sub judice is controlled by that decision, and we must therefore affirm the trial court's grant of partial summary judgment in favor of the plaintiff on the basis that Georgia Farm Bureau's application form did not meet the requirements of OCGA § 33-34-5 (b) (formerly Code Ann. § 56-3404b (b), as amended), supra.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1984.

*Joseph C. Parker, Earl W. Gunn*, for appellant.
*Thomas F. Allgood, Jr.*, for appellee.